The undersigned respectfully dissents from the Opinion and Award of the majority finding that defendant unjustifiably refused to pay mileage to plaintiff associated with his workers' compensation claim and that plaintiff was entitled to reimbursement of all of the miles plaintiff reported on the Form 25T's submitted to defendants.
Pursuant to N.C. Gen. Stat. § 97-2(19) plaintiff is entitled to reimbursement for medical travel. North Carolina Industrial Commission Rule 407(6) further instructs that an employee is entitled to reimbursement for sick travel when the travel is medically necessary and the mileage is twenty or more miles round trip. The Industrial Commission has adopted the Form 25T in order for a claimant to verify mileage and to request travel reimbursement. It is implicit on the Form 25T that by signing the form, the claimant is certifying that he has incurred all expenses listed as a result of his workers' compensation injury.
In the case sub judice the greater weight of the evidence proves that plaintiff did not travel the entire amount of miles documented on all of the Form 25T's submitted to defendants. When plaintiff began submitting his requests for vocational mileage reimbursement, defendants, per company policy, requested that plaintiff resubmit the forms in order to include the addresses of the locations in which plaintiff had traveled so defendants could verify the correct mileage. When plaintiff resubmitted the forms, there were significant changes in the mileage plaintiff reported. As a result, defendants began checking plaintiff's reported mileage on the well-known *Page 9 
and widely-used internet website http://www.mapquest.com and discovered significant discrepancies in plaintiff's reported mileage figures.
The discrepancies in plaintiff's mileage prompted defendants to conduct further investigation. Plaintiff's vocational counselor, Dottie Davis, began checking with the potential employers that plaintiff claimed to have visited. Neither the Wackenhut Corporation nor Tucker, Inc. had any recollection of plaintiff visiting or of plaintiff submitting an application for employment. These locations alone accounted for 140 miles that plaintiff submitted for reimbursement. Even if the mileage verification performed by defendants on http://www.mapquest.com began with the general area of Mount Airy, North Carolina as opposed to plaintiff's home address in Mount Airy, as stated by the majority, this difference would not account for all of the significant discrepancies in plaintiff's submitted mileage.
Defendants in this matter have consistently paid plaintiff any benefits plaintiff was entitled to. However, the greater weight of the evidence shows that plaintiff inflated his mileage requests submitted to defendants on his Form 25T's and is not entitled to reimbursement for the entire mileage amount reported. As such, the undersigned respectfully dissents from the majority.
This the 16th day of July, 2008.
 S/____________________________ BUCK LATTIMORE COMMISSIONER